FILED

NOV - 4 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:15CR00498 RWS/NCC** |
| v. ) | |
| ) | |
| JEFFERY ALLEN WINN, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### The Defendant

The Grand Jury charges that:

1. At all times relevant to this Indictment, defendant Jeffery Allen Winn was a resident of St. Louis, Missouri. Winn was employed as personal care attendant for two home health care agencies that maintained offices in St. Louis County, Missouri, all within the Eastern Division of the Eastern District of Missouri.

### Background

### The Missouri Medicaid Program

2. The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low income citizens of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

3.      Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary to remain in the home setting with outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

4.      All Medicaid providers, including personal care providers, must retain fiscal and medical records that fully document services billed to Medicaid for five years from the date of service, and must furnish or make the records available for inspection or audit by the Missouri Medicaid Program or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program.

5.      For personal care services, the records required by the program include log sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service delivery, the time spent with the beneficiary, the daily care activities performed on each date, and the beneficiary's signature for each visit. Typically, Missouri Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what time frame material to the program.

6.      On or about May 13, 2014, defendant signed an application with a local home health care agency referred to in this Indictment as home health care company #1 that was based in St. Louis County, Missouri. On or about that same date, among other paperwork, defendant

2

also signed a "timesheet policy" that informed him that "falsification of time sheet constitutes Medicaid fraud." Starting on approximately June 21, 2014, defendant began submitting time sheets to Medicaid typically claiming that he was providing 4 hours of home health care services to home health care patient D.A. for six days of every week.

7. Since approximately July 2013 to the present, defendant has been employed by the State of Missouri on a full time basis. Moreover, on or about May 2, 2014, defendant signed an employee acknowledgement with another local home health care agency referred to in this Indictment as home health care company #2 that was also based in St. Louis, Missouri. When applying to work for home health care company #2, among other issues, defendant acknowledged that he was responsible for accurately reporting services that he provided to home health care clients, and that if he documented providing services to a home health care client that were not actually provided then he could be immediately terminated. Starting on approximately June 23, 2014, defendant began submitting time sheets to Medicaid typically claiming that he was providing 3 hours of home health care services to home health care patient N.W. for six days of every week. During approximately June 2014 through June 2015, defendant also worked for a local nursing home located in St. Louis County, Missouri as a licensed practical nurse, typically working 3-5 days a week, with 8 hour shifts.

8. On a number of occasions after approximately June 24, 2014 through approximately July 31, 2015, defendant's payroll records from his various employers show him working elsewhere at the same times as he claimed in timesheets to be providing Medicaid-funded home health care services to patient D.A. at the patient's home through home health care company #1. Often, the total hours per day allegedly worked by defendant at these four jobs during this time frame exceeded 20 total hours of work, and sometimes exceeded 23 or 24 hours

3

of total claimed work. Moreover, for some of these time frames, home health care patient N.W. was admitted to hospitals or health treatment facilities in Missouri and Florida where others treated him in those facilities, meaning defendant could not have provided N.W. with home health care services during those time frames.

### Counts 1-5

9. Paragraphs 1 through 8 are incorporated by reference, as if fully set forth herein.

10. On or about the dates indicated below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

**JEFFREY ALLEN WINN,**

the defendant herein, knowingly and willfully made and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services involving the Missouri Medicaid program, a health care benefit program as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1035, in that the defendant falsely stated and represented in log sheets that he had furnished and provided personal care services to certain patients on or about certain dates for certain time frames, when the defendant then and there well knew said statements and representations were false, fictitious, and fraudulent.

| COUNT | DATE OF OFFENSE | PATIENT'S INITIALS | WHY STATEMENT WAS FALSE, FICTITOUS, AND FRAUDULENT |
|---|---|---|---|
| 1 | July 3, 2014 | D.A. | defendant was working for State of Missouri |
| 2 | October 24, 2014 | N.W. | patient was in hospital on this date |
| 3 | December 1, 2014 | N.W. | patient was in Florida on this date |
| 4 | March 16, 2015 | D.A. | defendant was working for State of Missouri |
| 5 | April 16, 2015 | D.A. | defendant was working for State of Missouri |

4

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
ANDREW J. LAY, #39937
Assistant U.S. Attorney